MALDONADO, RECURRENTE, *v.* EL REGISTRADOR DE PONCE, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Ponce denegando una inscripción.

No. 326.—Resuelto en noviembre 16, 1917.

VENTA POR CONTRIBUCIONES—REDENCIÓN DE FINCAS—CANCELACIÓN DE INSCRIPCIÓN—ALCANCE DEL CERTIFICADO DEL TESORERO.—El certificado de redención de una propiedad expedido por el Tesorero de Puerto Rico de acuerdo con la Ley No. 20 de marzo 11, 1915, a un cesionario de los derechos del primitivo dueño, y por virtud del cual verifica el registrador la cancelación de la inscripción a favor de El Pueblo de Puerto Rico, no es título de trasmisión de dominio a favor del cesionario. La cancelación deja la finca inscrita a nombre de su primitivo dueño, y cualquiera que alegue título directamente o por conducto de él, tiene que probar su pretensión del mismo modo que cualquier otro comprador, presentando en forma los documentos necesarios y pagando los derechos correspondientes. Sólo pueden quedar protegidos los terceros cuando el registrador, de conformidad con lo que preceptúa el artículo 18 de la Ley Hipotecaria, califique los traspasos hechos por los legítimos dueños en favor de aquellos que pretendan la inscripción.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Tomás Castillo León.*

El registrador recurrido Sr. Miguel Planellas, compareció en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

A Pedro Pablo Arroyo y Segarra, por falta del pago de las contribuciones, se le había rematado un pedazo de terreno radicado en Peñuelas. No habiéndose redimido prestamente la finca pasó a ser nominalmente de la propiedad de El Pueblo de Puerto Rico, inscribiéndose en el registro de la propiedad a nombre de este cuerpo político. Arroyo y su esposa fallecieron y sus herederos, luego que fueron así declarados por una corte competente, cedieron, traspasaron y renunciaron su derecho a redimir la ameritada finca a favor de Rito Maldonado y Toro, recurrente en este caso.

Este último compareció ante el Tesorero de Puerto Rico con los documentos creditivos de su derecho a redimir y pagó a dicho funcionario el importe de las contribuciones vencidas y en su consecuencia el Tesorero de Puerto Rico expidió el correspondiente certificado de redención. Este certificado le fué presentado al Registrador de Ponce, quien canceló la inscripción a favor de El Pueblo de Puerto Rico, pero se negó a inscribir la finca a nombre de Rito Maldonado basándose en que el certificado expedido por el Tesorero de Puerto Rico no es título de transmisión de dominio.

El recurrente sostiene que habiendo pagado las contribuciones, que habiendo probado su condición de cesionario y que habiendo llevado al registro con el certificado del Tesorero los documentos públicos justificativos de la cesión, que tiene derecho a que se inscriba la finca a su favor sin que tenga que pagar derechos adicionales ni presentar los documentos acompañados para la inscripción que interesaba.

Es indiscutible que las escrituras acompañadas eran documentos públicos y que el registrador hubiera estado obligado a calificarlos si se hubieran formalmente presentado para su inscripción. El registrador, no obstante, insiste en que al hacer la cancelación de la inscripción hecha a favor de El Pueblo de Puerto Rico cumplió con todo lo que la ley le

exigía y de que el recurrente no tiene derecho a una inscripción a su favor a ménos que presente en forma los documentos y satisfaga los derechos correspondientes.

La cuestión a resolver no es clara, pero creemos que el registrador tiene razón. La ley aplicable reza como sigue:

"Artículo 1.—Que a los anteriores dueños de cualquier propiedad inmueble que se hubiere vendido por falta de pago de contribuciones y hubiere sido adquirida bajo subasta por El Pueblo de Puerto Rico, después del 1º. de julio de 1901 y con anterioridad al primero de julio de 1914, y que estuviere actualmente en posesión de El Pueblo de Puerto Rico o a los herederos legítimos de dichos anteriores dueños o cesionarios o a cualquiera persona que tuviere interés alguno en la misma, se les concede por la presente el derecho de redimir dicha propiedad dentro de un año contado desde la fecha en que principia a regir esta Ley, mediante el pago a El Pueblo de Puerto Rico del precio por el cual fué subastada dicha propiedad inmueble, e intereses desde la fecha de la subasta en que fué rematada, a razón del cuatro y medio por ciento anual.

"Artículo 2.—Cuando la propiedad que va a ser redimida se hallare inscrita a nombre de El Pueblo de Puerto Rico, el Tesorero de Puerto Rico notificará al registrador de la propiedad en cuya oficina estuviere inscrita dicha propiedad, y el registrador, mediante el pago de un derecho de un dólar por la persona que redimiere, hará constar en el certificado de compra por El Pueblo de Puerto Rico el hecho de la antedicha redención y que la propiedad de ese modo redimida responderá de todos los gravámenes y reclamaciones legales contra ella, fuera de los gravámenes por concepto de contribución en virtud de los cuales fué vendida, en la misma extensión y del mismo modo como si la mencionada propiedad no hubiere sido vendida para el pago de contribuciones." Ley de 11 de marzo de 1915, No. 20.

Nada hay de un modo específico en esta Ley que ordene al registrador a traspasar el título del dueño primitivo al que le haya comprado la finca o sus derechos y acciones, inclusive el derecho de redimir, como en el presente caso. Solamente se le exige al registrador el anotar en el "certificado de compra expedídole por El Pueblo de Puerto Rico el hecho de la redención." No se le ordena que verifique la inscripción a

favor del que le haya comprado al primitivo dueño de la propiedad.

La cancelación que verifique el registrador deja la finca inscrita a nombre de su primitivo dueño y cualquiera que alegue título directamente o por conducto de él tiene que probar su pretensión del mismo modo que cualquier otro comprador. Sólo pueden quedar protegidos los terceros cuando el registrador, de conformidad con lo que preceptúa el artículo 18 de la Ley Hipotecaria, califique los traspasos hechos por los legítimos dueños en favor de aquellos que pretendan la inscripción. El registrador en este caso, de acuerdo con la ley, está obligado a hacer constar el hecho de la redención en el certificado de compra expedido por el Tesorero, mediante el pago de un dólar de derechos. Esta cancelación muy bien puede el registrador hacerla puesto que el Tesorero es el mejor juez de si tiene o no aún El Pueblo de Puerto Rico reclamación alguna sobre la propiedad.

El primitivo dueño de la finca, o los terceros que aleguen ser sus derecho-habientes, tienen derecho a ser protegidos. El Tesorero no tiene obligación alguna de calificar con escrupuloso cuidado la validez de un presunto traspaso. Le basta que se le paguen las contribuciones. El título de El Pueblo de Puerto Rico es fácilmente susceptible de redención, y el derecho de redención en la mayoría de los casos equivale a un título de propiedad. Los traspasos de este derecho prácticamente son tan importantes como el traspaso directo de una propiedad y el espíritu de la Ley Hipotecaria exige que se les sujete al mismo examen minucioso. Técnicamente no llegó a ponerse nunca en movimiento la maquinaria para la calificación de los documentos públicos que se acompañaron con el certificado de redención, que lo es la presentación en forma de dichos documentos junto con el pago de los derechos correspondientes.

La nota del registrador debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.